IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JANICE LYNN SARABIA,

      Plaintiff,

vs.                                                                             No. 2:21-cv-01085-LF

KILOLO KIJAKAZI,[1] Acting Commissioner
of the Social Security Administration,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on plaintiff Janice Lynn Sarabia's Motion to Reverse and Remand (Doc. 28), which was fully briefed on September 28th, 2022. *See* Docs. 30, 31. The parties consented to my entering final judgment in this case. Doc. 16. Having meticulously reviewed the entire record and being fully advised in the premises, I find that the Administrative Law Judge ("ALJ") failed to provide this Court with a sufficient basis to determine that he followed the appropriate legal principles when evaluating Ms. Sarabia's physical symptoms in assessing her RFC. I therefore GRANT Ms. Sarabia's motion and remand this case to the Commissioner for further proceedings consistent with this opinion.

**I.    Standard of Review**

The standard of review in a Social Security appeal is whether the Commissioner's final decision[2] is supported by substantial evidence and whether the correct legal standards were

---

[1] Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration on July 9, 2021, and is automatically substituted as the defendant in this action. FED. R. CIV. P. 25(d).

[2] The Court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. §§ 404.981, 416.1481, as it is in this case.

applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands, and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks and brackets omitted). The Court must meticulously review the entire record, but may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118. A decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* While the Court may not reweigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "'The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence.'" *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

**II.     Applicable Law and Sequential Evaluation Process**

To qualify for disability benefits, a claimant must establish that he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be

expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the evaluation process, the claimant must show: (1) the claimant is not engaged in "substantial gainful activity;" (2) the claimant has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) the impairment(s) either meet or equal one of the Listings[3] of presumptively disabling impairments; *or* (4) the claimant is unable to perform his or her "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. If the claimant cannot show that his or her impairment meets or equals a Listing but proves that he or she is unable to perform his or her "past relevant work," the burden then shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. *Id.*

### III.   Background and Procedural History

Janice Sarabia was born in 1968 and has one year of college education. AR 84, 89.[4] As of March 2021, she was living with her daughter. AR 73. She primarily had worked as a cashier, although it had been more than a decade since she was employed. AR 366. Ms. Sarabia filed an application for Supplemental Security Income ("SSI") on February 7, 2017, alleging disability

---

[3] 20 C.F.R. pt. 404, subpt. P, app. 1.

[4] Documents 23-1 to 23-8 comprise the sealed Administrative Record ("AR"). When citing to the record, the Court cites to the AR's internal pagination in the lower right-hand corner of each page, rather than to the CM/ECF document number and page.

since January 1, 2008, due to post-traumatic stress disorder, schizophrenia, psychological trauma, a history of abuse, and generalized anxiety disorder. AR 86, 295–304, 349. The Social Security Administration ("SSA") denied her claim initially and on reconsideration. AR 84–112. Ms. Sarabia requested a hearing before an ALJ. AR 149–51. On October 23, 2018, ALJ Michael Leppala held a hearing. AR 29–62. ALJ Leppala issued an unfavorable decision on March 6, 2019. AR 113–129.

Ms. Sarabia requested review, and on April 29, 2020, the Appeals Council reversed and remanded for further proceedings. AR 130–134. On March 4, 2021, ALJ Leppala held a second hearing, this time by telephone. AR 63–83. ALJ Leppala issued a second unfavorable decision on March 29, 2021. AR 9–28. The Appeals Council denied Ms. Sarabia's request for review, rendering the ALJ's decision the final decision of the Commissioner. AR 1–3.

At step one, the ALJ found that Ms. Sarabia had not engaged in substantial, gainful activity since February 7, 2017, the date of her initial application. AR 14–15. At step two, the ALJ found that Ms. Sarabia's diabetes mellitus, neuropathy, essential hypertension, obesity, schizophrenia, depression, anxiety, and drug addiction disorder were severe impairments. AR 15. At step three, the ALJ found that none of Ms. Sarabia's impairments, alone or in combination, met or medically equaled a Listing. AR 15–17. Because the ALJ found that none of the impairments met a Listing, the ALJ assessed Ms. Sarabia's RFC. AR 17–22. The ALJ found Ms. Sarabia had the RFC

> to perform light work as defined in 20 CFR 416.967(b) except the Claimant is capable of occasionally lifting and/or carrying 20 pounds, frequently lifting and/or carrying ten pounds, standing and/or walking for about six hours in an eight-hour workday, and sitting for about six hours in an eight-hour workday, all with normal breaks. She is further limited to occasionally climbing ramps, stairs, ladders, ropes, or scaffolds, balancing, stooping, kneeling, crouching, and crawling. She can understand, carry out, and remember simple instructions and make commensurate work-related decisions; respond appropriately to supervision,

4

> coworkers, and work situations; deal with routine changes in work setting, maintain concentration[,] persistence, and pace for up to and including two hours at a time with normal breaks throughout a normal workday. The Claimant is limited to occasional interaction with coworkers, supervisors, and the general public.

AR 17–18.

At step four, the ALJ concluded that Ms. Sarabia had no past relevant work. AR 22. At step five, the ALJ found that Ms. Sarabia was able to perform work that existed in sufficient numbers in the national economy, including price marker and housekeeping cleaner. AR 22–23. The ALJ thus found Ms. Sarabia not disabled. AR 23.

Ms. Sarabia requested that the Appeals Council review the ALJ's unfavorable decision. AR 292–94. On September 9, 2021, the Appeals Council denied the request for review. AR 1–3. Ms. Sarabia timely filed her appeal to this Court on November 9, 2021. Doc. 1.[5]

### IV.   Ms. Sarabia's Claims

Ms. Sarabia raises three main arguments for reversing and remanding this case. First, she argues that the ALJ failed to comply with the Appeals Council remand order because he did not comprehensively discuss or adopt the limitations found by two state agency psychological consultants. *See* Doc. 28 at 6–10. Second, she argues that the ALJ did not provide adequate explanation and citation to the medical evidence to support his physical RFC findings, which conflict with Ms. Sarabia's self-reported physical symptoms. *See id.* at 10–13. Finally, she argues that the ALJ failed to properly consider medical opinion evidence, specifically the findings of Dr. David LaCourt. *See id.* at 13–17.

I find that the ALJ's decision does not provide this Court with a sufficient basis to determine that appropriate legal principles were followed when evaluating Ms. Sarabia's self-

---

[5] A claimant has 60 days to file an appeal. The 60 days begins running five days after the decision is mailed. 20 C.F.R. § 404.981; *see also* AR 2.

reported physical symptoms; this legal error requires remand. I will not address the other issues raised by Ms. Sarabia because they may be affected by the Commissioner's treatment of this case on remand. *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

V.      **Analysis**

When evaluating a claimant's self-reported symptoms, an ALJ is required to provide reasoned analysis that supports (i) the evidentiary weight he or she assigns to a claimant's subjective account of each symptom and (ii) the influence each symptom has, when considered alongside other evidence, on a claimant's RFC. *See generally* Social Security Ruling ("SSR") 16-3p, 2017 WL 5180304; SSR 96–8p, 1996 WL 374184. Here, the ALJ dismissed Ms. Sarabia's testimony regarding her physical symptoms in one broad, generalized statement. He only mentioned one of her self-reported physical symptoms when analyzing her functional capacity. As such, the Court cannot determine whether the ALJ followed appropriate legal principles in assessing Ms. Sarabia's RFC.

A.   **The ALJ's evaluation of Ms. Sarabia's self-reported physical symptoms does not provide a sufficient basis to determine that appropriate legal principles were applied in assessing her RFC.**

To determine whether a claimant's alleged symptoms might affect his or her functional capacity, an ALJ must follow a two-step inquiry. At step one, the ALJ determines whether the claimant suffers from one or more underlying medically determinable impairments ("MDIs") that "could reasonably be expected to produce [his or her] symptoms." SSR 16-3p, 2017 WL 5180304, at *3. If such MDIs are present, the ALJ will proceed to step two even if the alleged severity of the symptoms seems "out of proportion with the reasonable medical evidence." *Id.*

At step two, the ALJ evaluates the "intensity, persistence, and limiting effects" of the symptoms in light of the "entire case record" and seven regulatory factors. *Id.* at *4, *7–8. The

degree to which a symptom is probative of a claimant's functional capacity corresponds to the degree of consistency between claimant's self-reporting and the case record. *Id.* at *8. An ALJ must explain "which of an individual's symptoms [he or she] found consistent or inconsistent with the evidence in his or her record and how [the ALJ's] evaluation of the individual's symptoms led to [the ALJ's] conclusions." *Id.* at *8. It is insufficient for an ALJ to make a "single, conclusory statement that 'the individual's statements about his or her symptoms have been considered' or that 'the statements about the individual's symptoms are (or are not) supported or consistent.'" *Id.* at *10.

Symptoms are considered when determining residual functional capacity. *Id.* at *12; SSR 96–8p, 1996 WL 374184. In all cases where symptoms are alleged, the RFC assessment must, alongside other narrative discussion, "set forth a logical explanation of the effects of the symptoms, including pain, on the individual's ability to work." SSR 96-8p, 1996 WL 374184, at *7.

In assessing Mr. Sarabia's RFC, the ALJ determined that Ms. Sarabia was obese, and suffered from diabetes mellitus, neuropathy, and essential hypertension. AR 18–21. The ALJ further found that Ms. Sarabia's "[o]besity is severe based on the combined effects of her physical conditions," AR 19, and that "[t]he combined effects of these [physical] impairments may be greater than the effects of each of the impairments considered separately," AR 21. The ALJ found more generally that Ms. Sarabia's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." AR 18. This finding required the ALJ to proceed to step two of the analysis, that is, an evaluation of the "intensity, persistence, and limiting effects" of Ms. Sarabia's physical symptoms in light of the "entire case record" and seven regulatory factors, and explaining which symptoms were consistent or inconsistent with

7

the record and how this evaluation led to the ALJ's conclusion. *See* SSR 16–3p, 2017 WL 5180304, at *4–*10 (describing the second step of the analysis).[6]

In testimony at two hearings, Ms. Sarabia reported several physical symptoms, including:

- burning pain in her feet, AR 39, 48, 70;
- blurry vision, AR 39, 46, 70–72;
- shaking hands, AR 37, 47, 55, 70, 75–76;
- back pain, AR 48;
- sciatica, AR 50–51;
- leg pain or cramps, AR 52;
- difficulty sitting for more than 60 to 90 minutes in October 2018, AR 48, or for more than 10 minutes in March 2021, AR 73;
- difficulty standing for more than 30 minutes in October 2018, AR 49, or for more than 15 minutes in March 2021, AR 73, including difficulty showering, AR 74; and
- difficulty walking more than one mile, AR 49.

The ALJ does not discuss any of these self-reported symptoms in determining Ms. Sarabia's RFC except for acknowledging that Ms. Sarabia had complained of numbness and pain in her feet. *See* AR 19. The ALJ failed to analyze the consistency and effects of any alleged symptom in the manner required by SSR 16-3p and SSR 96-8p. The ALJ's purported analysis of Ms. Sarabia's physical symptoms is nothing more than boilerplate.

> After careful consideration of the evidence, I find that the Claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the Claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

---

[6] The Commissioner correctly points out that "[a] claimant's statements about symptoms, such as pain and fatigue, will not alone establish disability." Doc. 30 at 22 (citing 20 C.F.R. § 416.929(a), (b)). But Ms. Sarabia does not rely solely on her self-reported symptoms. *See* Doc. 28 at 11. The ALJ found that Ms. Sarabia suffered from several physical impairments—noting that at least her obesity was severe—which "could reasonably be expected to cause the alleged symptoms." AR 18. That the ALJ did not specify which physical impairment could cause which symptom is part of the problem; the Court cannot discern from the ALJ's decision which physical symptoms the ALJ found were supported by the medical evidence, and which were not, and why a limitation to light work was sufficient.

> As for the Claimant's statements about the intensity, persistence, and limiting effects of his or her symptoms, they are inconsistent because the evidence does not support them.

AR 18.

"Such boilerplate language fails to inform us in a meaningful, reviewable way of the specific evidence the ALJ considered in determining that claimant's complaints were not credible." *Hardman v. Barnhart*, 362 F.3d 676, 679 (10th Cir. 2004); *see also McKay v. Kijakazi,* No. 21-CV-0436 SMV, 2022 WL 4598496 (D.N.M. Sept. 30, 2022) (remanding based on identical language). This sort of "single, conclusory statement" is specifically prohibited:

> In evaluating an individual's symptoms, it is not sufficient for our adjudicators to make a single, conclusory statement that "the individual's statements about his or her symptoms have been considered" or that "the statements about the individual's symptoms are (or are not) supported or consistent." It is also not enough for our adjudicators simply to recite the factors described in the regulations for evaluating symptoms. The determination or decision must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms.

SSR 16-3p, 2017 WL 5180304, at *10.

The ALJ's analysis in this case fails to articulate whether several important physical symptoms are consistent with the record and what their impact was or should have been on Ms. Sarabia's RFC. For instance, Ms. Sarabia's statements about her limited ability to sit and stand are in clear tension with an RFC that finds her capable of "standing and/or walking for about six hours in an eight-hour workday, and sitting for about six hours in an eight-hour workday, all with normal breaks." AR 17. The ALJ touches on this issue by discussing, in the context of neuropathy, an exam that found full strength in Ms. Sarabia's legs and "low risk for foot complications," AR 19, and by discussing two medical opinions that did not find "severe functional limitations from a physical impairment," relying on physical exams that found

9

"normal range of motion, normal gait and sensation," AR 20. However, these exams did not assess Ms. Sarabia's ability to sit or stand for the durations that she alleges are difficult, *cf. Worley v. Comm'r of Soc. Sec.,* No. CIV-18-713-G, 2019 WL 2553298, at *3 (W.D. Okla. May 1, 2019), nor do they render irrelevant her testimony about pain, *see, e.g., Thompson v. Sullivan,* 987 F.2d 1482, 1490–91 (10th Cir. 1993) (pain should be taken into consideration even if not disabling).

The ALJ's analysis also falls short of the required legal standard as concerns, at the very least, Ms. Sarabia's alleged blurry vision and shaky hands.[7] The extent to which these symptoms affect her RFC—or any well-considered reasons that they don't—are critical in this case not only because the ALJ is required to apply the correct legal standards, but also because the vocational expert testified that limitations in Ms. Sarabia's vision and/or handling and fingering abilities might reduce or eliminate entirely the range of jobs that the ALJ concluded she was capable of performing. *See* AR 76–80. As written, the ALJ's decision does not provide a sufficient basis for the Court to determine that the ALJ applied the correct legal standard. Remand is required to allow the ALJ to reevaluate Ms. Sarabia's self-reported physical symptoms in assessing her RFC.

---

[7] In contrast to the ALJ in *Miller v. Astrue*, 496 F. App'x 853 (10th Cir. 2012) (unpublished), where the ALJ reviewed the claimant's hearing testimony regarding her symptoms in making what was then called a credibility determination, the ALJ in this case did not mention Ms. Sarabia's testimony regarding her physical symptoms in making his subjective symptom evaluation. *See* AR 17–22. Thus, although the ALJ in *Miller* used the "disfavored" boilerplate language in making his credibility determination, he at least discussed the claimant's testimony and her subjective complaints to her doctors. *Miller,* 496 F. App'x at 857. The Court thus was "persuaded that the ALJ's credibility determination [was] closely and affirmatively linked to substantial evidence," and it found that "[t]he ALJ did more than 'recite the general factors he considered.'" *Id.* (quoting *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000)). That is not the case here.

VI.     **Conclusion**

The ALJ erred by failing to provide this court with a sufficient basis to determine that appropriate legal principles were followed when evaluating Ms. Sarabia's self-reported physical symptoms in assessing her RFC, and the Court remands on that basis. The Court does not reach Ms. Sarabia's other claimed errors, as these "may be affected by the ALJ's treatment of this case on remand." *Watkins*, 350 F.3d at 1299.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Reverse and Remand for a Rehearing (Doc. 28) is GRANTED.

IT IS FURTHER ORDERED that the Commissioner's final decision is REVERSED, and this case is REMANDED for further proceedings in accordance with this opinion.

_____
Laura Fashing
United States Magistrate Judge
Presiding by Consent